**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0571-19T3

LUIS ALFREDO SUTUJ,

    Plaintiff-Appellant,

v.

LOUIS GARGIULO
COMPANY, INC.,

    Defendant-Respondent,

and

HUDSON COUNTY SCHOOLS
OF TECHNOLOGY,[1] and
HUDSON COUNTY,

    Defendants.

_____

        Submitted December 2, 2020 – Decided January 6, 2021

        Before Judges Accurso and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4229-17.

---

[1] Sued herein as Hudson Schools of Technology.

Ginarte Gallardo Gonzalez Winograd, LLP, attorneys for appellant (Robert H. Baumgarten, on the briefs).

Goldberg Segalla, LLP, attorneys for respondent (Christopher P. Midura, on the brief).

PER CURIAM

Plaintiff Luis Alfredo Sutuj appeals from a July 12, 2019 order granting summary judgment to defendant Louis Gargiulo Company, Inc. He also appeals from the September 13, 2019 order denying his reconsideration motion. We affirm both orders, substantially for the reasons outlined in Judge Joseph V. Isabella's July 12, 2019 oral decision and the statement of reasons attached to the September 13, 2019 order.

Defendant was retained as a general contractor to perform certain work at the Hudson County Schools of Technology (HCST). Defendant hired Adamo Brothers Construction (Adamo) as its subcontractor to perform a portion of the removal and replacement of concrete at HCST. In November 2015, plaintiff was operating a jackhammer at this job site, but was not wearing protective goggles. As he was breaking up the concrete pavement, a piece of metal mesh from the concrete flew into his eye, causing him to suffer serious injury.

When plaintiff was deposed, he testified he was not wearing protective goggles at the time of the accident because he "forgot them . . . [and] left them

A-0571-19T3

home."   Plaintiff also testified he wore safety goggles on the job site approximately four times before the accident occurred, but on the day of the accident, he did not tell anyone he forgot this protective equipment, nor did he look for another pair of goggles.  Plaintiff's boss, John Adamo, testified that Adamo kept safety goggles, as well as other safety equipment, in its truck on location.

Plaintiff admitted he was not familiar with defendant's company name, and testified no one other than John Adamo or his co-worker gave him instructions on the job site.  Likewise, defendant's foreman, David Reilly, testified that he "never, never told [John Adamo] how to take care of his men, or means and methods of how to do the job."  According to Reilly's testimony, Adamo had "performed well in the past" and he assumed the subcontractor would perform well on the HCST project.  Reilly explained, "I've dealt with them in the past and I've seen their finished product."

In May 2017, plaintiff filed suit against defendant, HCST and Hudson County.[2]  He alleged defendant was responsible for his injury and it was

---

[2]  Neither HCST nor Hudson County participates in this appeal.  In October 2017, pursuant to a stipulation between the parties, Hudson County was dismissed from the action, and in March 2019, HCST prevailed on a summary judgment motion.

negligent for ignoring its duty to provide a safe workplace for him, to supervise, direct, and control the work site to prevent dangerous or hazardous work conditions, and to oversee the safety of the site. Additionally, plaintiff claimed defendant violated the regulations and standards of the Occupational Safety and Health Administration Act (OSHA) and the New Jersey Construction Safety Act.

Defendant moved for summary judgment, maintaining it did not owe plaintiff a duty of care. On July 12, 2019, Judge Isabella rendered a decision from the bench, granting defendant's motion and concluding that as a matter of law, defendant did not owe plaintiff a duty of care. The judge found Adamo, as the subcontractor, was responsible for the safety of its employees, provided its employees safety equipment, and directed their work. Accordingly, the judge determined defendant, as the general contractor, had no duty to conduct daily inspections at the HCST job site to ensure Adamo's employees wore safety goggles. He further found defendant did not create a dangerous condition at the job site. Additionally, the judge remarked:

> we also know OSHA applies to all construction jobs, all right? . . . . Further . . . [OSHA] violations do not automatically impose a duty of care on the general contractor . . . . [A] contractor's duty of care is determined by evaluating general negligence principles. Violation of OSHA regulations without

more does not constitute the basis for an independent or direct tort remedy.

Plaintiff moved for reconsideration of the July 12, 2019 order. Judge Isabella denied the reconsideration motion on September 13, 2019.

Plaintiff raises three main arguments on appeal. First, he contends that since OSHA-required eye protection would have prevented his accident, there is a material issue of fact as to "whether the defendant general contractor breached its duty to provide plaintiff with a reasonably safe place to work." Second, he asserts that given defendant's contractual obligations, it is not unfair to impose a duty on the general contractor. Finally, he argues summary judgment should have been denied, due to existing material issues of fact. Having considered these arguments in light of the record and applicable legal principles, we conclude Judge Isabella correctly determined defendant did not owe plaintiff a duty of care, and that there was no basis to reconsider the judge's July 12, 2019 order.

In ruling on a summary judgment motion, a trial court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). An

A-0571-19T3

appellate court reviews a grant of summary judgment de novo, using the same standard as the trial court. Turner v. Wong, 363 N.J. Super. 186, 198-99 (App. Div. 2003). Thus, we must determine whether a genuine issue of material fact is present and, if not, evaluate whether the motion judge's ruling on the law was correct. See Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167-69 (App. Div. 1998).

"To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). "[T]he question of whether a duty exists is a matter of law properly decided by the court." Strachan v. John F. Kennedy Mem'l Hosp., 109 N.J. 523, 529 (1988).

Ordinarily, a general contractor "is not liable for injuries to employees of the [sub]contractor resulting from either the condition to the premises or the manner in which the work is performed." Wolczak v. Nat'l Elec. Prods. Corp., 66 N.J. Super. 64, 71 (App. Div. 1961); see Muhammad v. N.J. Transit, 176 N.J. 185, 199 (2003). "The premise underlying that approach is that a general contractor 'may assume that the independent contractor and [its] employees are sufficiently skilled to recognize the dangers associated with their task and adjust

6

their methods accordingly to ensure their own safety.'" Tarabokia v. Structure Tone, 429 N.J. Super. 103, 113 (App. Div. 2012) (quoting Accardi v. Enviro-Pak Sys. Co., 317 N.J. Super. 457, 463 (App. Div. 1999)).

Nonetheless, exceptions to the general principle have come to be accepted. Therefore, "a general contractor may be liable for a subcontractor's negligence where the general contractor retains control of the manner and means of doing the work contracted for." (citation omitted). Ibid. "A general contractor may also be liable where he knowingly engages an incompetent subcontractor or where the work contracted for constitutes a nuisance per se, namely, is inherently dangerous." (citation omitted). Ibid.

"Although a foreseeable risk is the indispensable cornerstone of any formulation of a duty of care, not all foreseeable risks give rise to duties." Dunphy v. Gregor, 136 N.J. 99, 108 (1994). "Ultimately, [determining] whether a duty exists is a matter of fairness," ibid., and involves a complex analysis that "weigh[s], and balance[es] several factors - the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution," Alloway v. Bradlees, Inc., 157 N.J. 221, 230 (1999) (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993)) (internal quotation marks omitted). "The analysis is both very fact-

specific and principled; it must lead to solutions that properly and fairly resolve the specific case and generate intelligible and sensible rules to govern future conduct." Hopkins, 132 N.J. at 439.

Here, we are satisfied Judge Isabella rightly found, consistent with the limited exceptions outlined in Tarabokia, that any foreseeable risk of injury to plaintiff on the date of his accident did not give rise to a duty of care on the part of defendant. As we noted, defendant's foreman on the HCST project testified he "never, never told" John Adamo how to care for his laborers or provided "means and methods of how to do the job." This testimony aligned with plaintiff's testimony that he only received instructions from his co-worker or John Adamo regarding how to perform his job. Further, although the record reflects plaintiff previously wore safety goggles on the job, the record is devoid of any reference that defendant was aware plaintiff was not wearing his safety goggles when the accident occurred.

Moreover, there is no evidence that Adamo was an "incompetent subcontractor." Indeed, defendant's foreman testified Adamo had performed well in the past and he assumed it would perform well on the HCST project. However, even if Adamo was an "incompetent subcontractor," plaintiff failed to proffer any evidence that defendant knew this. See Cassano v. Aschoff, 226

N.J. Super. 110, 114 (App. Div. 1988). Further, "the fact that a contractor is negligent or incompetent in the manner in which he performs a particular job does not mean that he is incompetent generally." Ibid.

Regarding the third exception under Tarabokia, there was no evidence that the type of work performed by plaintiff was "inherently dangerous" if performed with the safety equipment provided by Adamo to its workers. Given defendant's prior relationship with Adamo, it was entitled to assume Adamo and its employees were sufficiently skilled and equipped to recognize any dangers related to their tasks and that they would take measures to ensure their safety.

Next, the record reflects plaintiff's expert found plaintiff's failure to wear protective goggles was an OSHA violation. However, as Judge Isabella correctly noted, "the violation of OSHA regulations without more does not constitute the basis for an independent or direct tort remedy." Alloway, 157 N.J. at 236; see also Costa v. Gaccione, 408 N.J. Super. 362, 372-73 (App. Div. 2009) ("non-compliance with [OSHA] standards does not alone create a viable cause of action, nor does it necessarily place a tort duty of care on the general contractor . . . [and] violations of OSHA are to be considered with other 'fairness' factors in determining the existence of a duty.").

We are satisfied that under circumstances where defendant did not retain control of the manner and means of the work for which it hired Adamo, defendant did not knowingly engage an incompetent subcontractor, and the concrete work performed by plaintiff was not "inherently dangerous," it not only was fair, but proper for Judge Isabella to grant summary judgment to defendant as a matter of law, notwithstanding the fact plaintiff was injured when he failed to wear his safety goggles. Having concluded Judge Isabella correctly granted summary judgment to defendant, there was no basis for a motion for reconsideration under Rule 4:49-2.

To the extent we have not addressed any of plaintiff's arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-0571-19T3